## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TAZMIN D. WILLIS, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 22-CV-2682 |
| | : | |
| FEDERAL BUREAU OF PRISONS, | : | |
| Defendant. | : | |

### MEMORANDUM

**SCHILLER, J.**                                                            **OCTOBER 27, 2022**

*Pro se* Plaintiff Tazmin D. Willis filed a Complaint against the Federal Bureau of Prisons, ("BOP"), alleging that he was detained for a period of 16 days beyond the expiration of his federal sentence.  He claims that the alleged over-detention violates the Fourth, Thirteenth and Fourteenth Amendments.  Willis seeks to proceed *in forma pauperis*.  For the following reasons, the Court will grant Willis leave to proceed *in forma pauperis* and dismiss his Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  Because Willis's Complaint will be dismissed without prejudice, he will be granted the option of filing an amended complaint.

## I.     FACTUAL ALLEGATIONS

The factual allegations in Willis's Complaint are brief.  He alleges that he "maxed out from [his] federal sentence" on January 26, 2021 but was not released from custody until February 12, 2021, a 16-day period of over-detention.  (Compl. at 4.)[1]  Based on these facts, Willis seeks compensatory and punitive damages.  (*Id*. at 5.)

Willis's claim is predicated on a federal criminal proceeding in this Court.  *See United States v. Willis*, Crim. No. 10-CR-00807 (E.D. Pa.).  According to the public docket, Willis pled

---

[1] The Court adopts the pagination supplied by the CM/ECF docketing system.

guilty to robbery that interferes with interstate commerce, and using and carrying a firearm

during and in relation to a crime of violence.  *See* 10-CR-00807, ECF No. 14.  On January 23,

2013, Willis was sentenced to a total term of 120 months followed by a five (5) year term of

supervised release.  *See* 10-CR-00807, ECF Nos. 35  and 40.  Willis's supervised release began

on February 12, 2021.  *Id*. at ECF No. 40.

## II.   STANDARD OF REVIEW

The Court grants Willis leave to proceed *in forma pauperis* because it appears that he is

incapable of paying the fees to commence this civil action.  Accordingly, 28 U.S.C. §

1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim.  Whether

a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard

applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher*

*v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether

the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is

plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  "'At this

early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as

true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that]

complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'"

*Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d

768, 774, 782 (7th Cir. 2015)).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.

As Willis is proceeding *pro se*, the Court construes his allegations liberally.  *Vogt v. Wetzel*, 8 F.

4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d

Cir. 2013)).

## III.    DISCUSSION

Willis claims that the BOP held him beyond his federal sentence in violation of the Fourth, Thirteenth and Fourteenth Amendments.[2]  The basis for federal actor liability for constitutional claims is the United States Supreme Court decision in *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 392 (1971) (holding that a remedy is available for a federal agent's violation of a citizen's Fourth Amendment right to be free from warrantless searches and seizures)[3]; *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 70 (2001) (stating that the "purpose of *Bivens* is to deter individual federal officers from committing constitutional violations" by subjecting them to personal liability). *Bivens* claims may not be brought against the United States or federal agencies.  *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."); *Lewal v. Ali*, 289 F. App'x 515, 516 (3d Cir. 2008) (*per curiam*) ("*Bivens* claims against the United States are barred by sovereign immunity, absent an explicit waiver."); *Ynfante v. United States*, No. 13-767, 2015 WL 631055, at *5 (M.D. Pa. Feb. 12, 2015) ("[A] *Bivens* claim can only be asserted against individual officials.").  The BOP — the only named Defendant in Willis's Complaint — is a federal agency and thus not subject to suit under *Bivens*. *See Mark v. Patton*, No. 14-1623, 2014 WL 6973495, at *4 (E.D. Pa. Dec. 9, 2014) (dismissing

---

[2]  The Thirteenth Amendment provides that "[n]either slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction."  U.S. Const. amend. XIII, § 1. Based on Willis's status as a sentenced individual, the Thirteenth Amendment does not apply.

[3]  Willis checked the box for both a *Bivens* claim and a 42 U.S.C. § 1983 claim.  (Compl. at 3.)  Historically, federal law has provided a damages remedy to individuals whose constitutional rights were violated by *state* officials.  *See* 42 U.S.C. § 1983. Willis has only identified a federal defendant.  As such, the Court analyzes Willis's complaint under *Bivens* and not § 1983. *See Vanderklok v. United States*, 868 F.3d 189, 198 (3d Cir. 2017).

*Bivens* claim against FDC Philadelphia because "*Bivens* cannot be pursued directly against federal agencies"), *aff'd*, 696 F. App'x 579 (3d Cir. 2017);  *Malesko*, 534 U.S. at| 71-72 (holding that a *Bivens* action may not be maintained against the federal government or its agencies, including the BOP).

Even assuming that Willis named a proper *Bivens* defendant, *Bivens* provides a damages remedy for constitutional violations committed by federal actors in very limited circumstances. *Egbert v. Boule*, No. 21-147, --- S. Ct. ---, 2022 WL 2056291, at *3 (U.S. June 8, 2022); *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1854 (2017).[4]  Since *Bivens* was decided in 1971, the Supreme Court has expressly recognized an implied cause of action in only three types of cases, *see Abbasi*, 137 S. Ct. at 1854-55, and "has repeatedly refused to recognize *Bivens* actions in any new contexts." *Vanderklok v. United States*, 868 F.3d 189, 199 (3d Cir. 2017); *see also Egbert*, 2022 WL 2056291, at *3 (reversing a United States Court of Appeals for the Ninth Circuit decision extending *Bivens* to a Fourth Amendment excessive force claim and a First Amendment retaliation claim against a U.S. Border Patrol agent "[b]ecause our cases have made clear that, in all but the most unusual circumstances, prescribing a cause of action is a job for Congress, not the courts").[5]  Because the Court cannot say at this time that Willis can never assert a *Bivens*

---

[4] In *Bivens,* the Supreme Court for the first time implied such a cause of action for constitutional violations by federal officials, holding that "even absent statutory authorization, it would enforce a damages remedy to compensate persons injured by federal officers who violated the [Fourth Amendment] prohibition against unreasonable search and seizures."  *Abbasi*, 137 S. Ct. at 1854.

[5] The only three cases where the Supreme Court has recognized an implied private action against federal officials are as follows:  (1) *Bivens* itself, which recognized an implied cause of action for violation of the Fourth Amendment's right against unreasonable searches and seizures; (2) *Davis v. Passman*, 442 U.S. 228 (1979), which recognized a claim for gender discrimination in the employment context under the Fifth Amendment's Due Process Clause; and (3) *Carlson v. Green*, 446 U.S. 14 (1980), which recognized a claim against prison officials for inadequate medical care in the prison context under the Eighth Amendment.  *See Dongarra v. Smith*, 27

claim in the context of an over-detention claim, he will be permitted the opportunity to amend his pleading to address these defects.[6]

Liberally construing the Complaint, it is possible Willis also intends to raise claims under the Federal Torts Claim Act ("FTCA"). The FTCA waives the United States' sovereign immunity for claims sounding in state tort law for money damages. 28 U.S.C. § 2674 (waiving sovereign immunity to make the United States liable "in the same manner and to the same extent as a private individual under like circumstances"); *Sosa v. Alvarez-Machain*, 542 U.S. 692, 700 (2004) ("The FTCA 'was designed primarily to remove the sovereign immunity of the United States from suits in tort, with certain specific exceptions.'" (quoting *Richards v. United States*, 369 U.S. 1, 6 (1962))); *White-Squire v. U.S. Postal Serv.*, 592 F.3d 453, 456-57 (3d Cir. 2010). However, this waiver of immunity is subject to certain limitations and jurisdictional requirements. For example, the United States is the only proper defendant in an FTCA action. *See CNA v. United States*, 535 F.3d 132, 138 n.2 (3d Cir. 2008). In addition, a plaintiff must

---

F.4th 174, 180 (3d Cir. 2022); *see also Abbasi*, 137 S. Ct. at 1855 ("These three cases - *Bivens*, *Davis*, and *Carlson* - represent the only instances in which the [Supreme] Court has approved of an implied damages remedy under the Constitution itself.").

[6] The Court is unaware of any cases in which a court has extended *Bivens* to over-detention claims. *See Guilford v. FCI Williamsburg*, No. 22- 1945, 2022 WL 2192945, at *2 (E.D. Pa. June 16, 2022). In fact, at least one district court has expressly declined to do so. *See Wormley v. United States*, 601 F. Supp. 2d 27, 36–37 (D.D.C. 2009) (refusing to recognize a *Bivens* remedy for over-detention claims where the plaintiff had other remedies available and in light of "the Court of Appeals' and the Supreme Court's warnings against overextension of *Bivens* remedies" and noting that it was "wary, for example, of establishing overdetention as an act for which monetary damages are available from federal officials" as that "seems to be a situation where Congress might be better equipped to weigh the long-term effects of various possible remedial schemes and choose the best option"); *cf. Bistrian v. Levi*, 912 F.3d 79, 95 (3d Cir. 2018) ("[T]he punitive detention claim does amount to an extension of *Bivens* into a new context, and special factors do counsel against a new *Bivens* remedy in that context, so we hold there is no *Bivens* cause of action for that alleged violation of the Fifth Amendment.").

exhaust administrative remedies as a prerequisite to filing a lawsuit under the FTCA.  *See* 28 U.S.C. § 2675(a).  In other words, "[n]o claim can be brought under the FTCA unless the plaintiff first presents the claim to the appropriate federal agency and the agency renders a final decision on the claim."  *Shelton v. Bledsoe*, 775 F.3d 554, 569 (3d Cir. 2015) (stating that exhaustion is "jurisdictional and cannot be waived"); *see also Burrell v. Loungo*, 750 F. App'x 149, 154 (3d Cir. 2018).  A plaintiff "must . . . plead administrative exhaustion in an FTCA case."  *Colbert v. U.S. Postal Serv.*, 831 F. Supp. 2d 240, 243 (D.D.C. 2011).  Because Willis has not named the United States and because he has not pled any facts about administrative exhaustion, any FTCA claim he may have intended must be dismissed.

Even if Willis had named the proper defendant for a *Bivens* or FTCA claim, the Complaint would nevertheless be dismissed because Willis has not alleged sufficient facts to state a plausible claim.  Willis merely alleged in a vague and conclusory fashion that he was over-detained.  He has not pled the circumstances of his alleged over-detention nor has he provided any information about who was responsible for the alleged over-detention.  Without additional information, the Court is unable to discern whether Willis can state a plausible *Bivens* or FTCA claim.

## IV.     CONCLUSION

For the foregoing reasons, the Court will dismiss Willis's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  Considering Willis's *pro se* status, he will be given the option of filing an amended complaint in the event he can cure the defects outlined above and state a plausible claim.  An appropriate Order follows.